# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CMT AMERICA CORP.,[1] | ) Case No. 08-11434 (CSS) |
| | ) |
| Debtor. | ) |
| | ) **Docket Ref. Nos. 143 and 185** |

## ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF (A) DJM ASSET MANAGEMENT, LLC AS SPECIAL REAL ESTATE CONSULTANT AND (B) GORDON BROTHER RETAIL PARTNERS, LLC AS FURNITURE, FIXTURE AND EQUIPMENT LIQUIDATOR, PURSUANT TO SECTIONS 327(A) AND 328(A) OF THE BANKRUPTCY CODE, EFFECTIVE AS OF AUGUST 5, 2008, AND (II) GRANTING A LIMITED WAIVER OF THE REQUIREMENTS OF LOCAL RULE 2016-2

This matter having come before the Court on the application (the "Application")[2] of the Debtor seeking entry of an order (i) authorizing the Debtor to employ and retain (A) DJM Asset Management, LLC ("DJM") as special real estate consultant for the Debtor, and (B) Gordon Brothers Retail Partners, LLC ("GBRP") as furniture, fixture and equipment liquidator, in this Chapter 11 case, effective as of August 5, 2008, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, and Bankruptcy Rules 2014 and 2016; and (ii) modifying the information and fee application requirements of Local Rule 2016-2, as set forth in the Application; and upon consideration of the Application, the Jerbich Declaration and the Chartock Declaration and the Court being satisfied that neither DJM nor GBRP represent an interest adverse to the Debtor's estate with respect to the matters upon which they are to be engaged, that DJM and GBRP are disinterested persons as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that the employment of DJM and

---

[1] The last four digits of the Debtor's federal tax identification number are 2737. The address for the Debtor is 21 Hyde Road, Farmington, CT 06032. Other names formerly or currently used by the Debtor include: Fairvane Corp., Urban Behavior and Weathervane.

[2] Capitalized terms used, but not defined herein, shall have the meaning ascribed in the Application.

GBRP is necessary and in the best interests of the Debtor and its estate; and it appearing that due notice of the Application having been given; and that no other or further notice need be given; and sufficient cause appearing therefor; it is hereby

ORDERED, that, in accordance with sections 327(a) and 328(a) of the Bankruptcy Code, the Debtor, as debtor-in-possession, be, and hereby is, authorized to employ and retain DJM as special real estate consultant upon the terms and conditions set forth in the DJM Engagement Agreement as modified by the Application and herein, *nunc pro tunc* to the Effective Date; and it is further

ORDERED, that DJM shall only be required to submit one final fee application for the Lease Related Fee Structure at the conclusion of its engagement (a "Final Fee Application") setting forth a summary of the services rendered along with a reasonable description of the manner in which the percentage based fees were calculated and a summary of fees and expenses incurred and paid by the Debtor; provided, further, that any compensation earned pursuant to the Lease Related Fee Structure shall be subject to review and approval by the Court in accordance with the standard set forth in section 328(a) of the Bankruptcy Code and not section 330 of the Bankruptcy Code; provided, however, that the Office of the United States Trustee shall be entitled to review the Final Fee Application in accordance with the standard set forth in section 330 of the Bankruptcy Code. Notwithstanding the foregoing, in the event that DJM provides any services to the Debtor for which it seeks compensation on an hourly basis, DJM shall submit interim fee applications for compensation related to such services, in accordance with sections 330 and 331 of the Bankruptcy Code and any applicable orders of this Court; provided, however, that DJM may reserve its request for payment of any hourly based fees until it submits a Final Fee Application; and it is further

ORDERED, that the requirements of Local Rule 2016-2 are waived, to the extent set forth in the Application, such that DJM shall not be required to submit time records or interim fee applications and shall only be required to submit a Final Fee Application for compensation paid pursuant to the Lease Related Fee Structure; and it is further

ORDERED, that the indemnification provision contained in paragraph 9 of the DJM Engagement Agreement is approved, subject to the following:

a) Subject to the provisions of subparagraphs (c) and (d) below, the Debtor is authorized to indemnify, and shall indemnify DJM, in accordance with the DJM Engagement Agreement, for any claim arising from, related to or in connection with their performance of the services described in the DJM Engagement Agreement;

b) DJM shall not be entitled to indemnification, contribution or reimbursement pursuant to the DJM Engagement Agreement for services other than those described in the DJM Engagement Agreement, unless such services and indemnification therefore are approved by the Court;

c) The Debtors shall have no obligation to indemnify DJM, or provide contribution or reimbursement to DJM, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from DJM's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtor alleges the breach of DJM's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which DJM should not receive indemnity, contribution or reimbursement under the terms of the DJM Engagement Agreement as modified by this Order; and

d) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing this chapter 11 case, DJM believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution and/or reimbursement obligations under the DJM Engagement Agreement (as modified by the Order), including without limitation the advancement of defense costs, DJM must file an application therefore in this Court, and the Debtor may not pay any such amounts to DJM before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of

time under which the Court shall have jurisdiction over any request for fees and expenses by DJM for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtor's obligation to indemnify DJM. All parties in interest shall retain the right to object to any demand by DJM for indemnification, contribution or reimbursement; and it is further

ORDERED, that, in accordance with sections 327(a) and 328(a) of the Bankruptcy Code, the Debtor, as debtor-in-possession, be, and hereby is, authorized to employ and retain GBRP as furniture, fixture and equipment liquidator upon the terms and conditions set forth in the GBRP Engagement Agreement as modified by the Application and herein, *nunc pro tunc* to the Effective Date; and it is further

ORDERED, that GBRP shall only be required to submit one final fee application for the Sales Fee(s) at the conclusion of its engagement (the "Final Fee Application") setting forth a summary of the services rendered and a summary of fees and expenses incurred and paid by the Debtor; provided, further, that any Sales Fee(s) earned shall be subject to review and approval by the Court in accordance with the standard set forth in section 328(a) of the Bankruptcy Code and not section 330 of the Bankruptcy Code; provided, however, that the Office of the United States Trustee shall be entitled to review the Final Fee Application in accordance with the standard set forth in section 330 of the Bankruptcy Code; and it is further

ORDERED, that the requirements of Local Rule 2016-2 are waived, to the extent set forth in the Application, such that GBRP shall not be required to submit time records or interim fee applications and shall only be required to submit a Final Fee Application; and it is further

ORDERED, that this Court shall retain jurisdiction in matters related to the interpretation and enforcement of this Order.

Date: Wilmington, Delaware
August 27, 2008

Christopher S. Sontchi
United States Bankruptcy Judge