# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CMT AMERICA CORP.[1],<br><br>                    Debtor. | Chapter 7<br><br>Case No. 08-11434 (CSS)<br><br>Objection Deadline: May 29, 2013 @ 4:00 pm<br>Hearing Date:  June 5, 2013 @ 10:30 am |

### MOTION OF THE CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTORS' ESTATE TO OAK POINT PARTNERS, INC. FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363

Alfred T. Giuliano, the Chapter 7 Trustee (the "Trustee") in the cases of the above-captioned debtor (the "Debtor"), hereby moves through his attorneys, Archer & Greiner, P.C., before this Court for entry of an order approving the sale of certain assets of the Debtors' estate to Oak Point Partners, Inc., an Illinois corporation ("Oak Point"), free and clear of liens, claims, interests and encumbrances pursuant to 11 U.S.C. §§ 105 and 363 (the "Motion"), and in support thereof, the Trustee respectfully states as follows:

### JURISDICTION AND VENUE

1.      The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and 157, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b) and the Bankruptcy Court may enter a final order consistent with Article III of the United States Constitution.  Venue of the Motion is proper pursuant to 28 U.S.C. § 1409.

---

[1] The last four digits of the Debtor's federal tax identification number are 2737.  The address for the Debtor is 21 Hyde Road, Farmington, CT 06032.  Other names formerly or currently used by the Debtor include:  Fairvane Corp., Urban Behavior, and Weathervane.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sough herein are 11 U.S.C. §§ 363(b), (f) and (m) and 105 and Rule 6004 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

4. On July 13, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court"), Case No. 08-11434 (CSS) (the "Bankruptcy Case").

5. On October 28, 2008, the Bankruptcy Case was converted to a case under chapter 7 of the Bankruptcy Code. D.I. 297.

6. On October 30, 2008, the Trustee was appointed as interim Chapter 7 Trustee of the Estate of the Debtor pursuant to section 701(a) of the Bankruptcy Code. D.I. 301. The 341(a) hearing was held and concluded on December 31, 2008.

7. The Debtor was a clothing retailer operating in the United Stated under the label of Urban Behavior. The Urban Behavior line was a unisex concept that caters to fashion-driven teenagers and young adults, primarily those from 14 to 22 years old. The brand attempted to take cues from current music, film and pop culture to deliver a full range of company branded fashion, casual clothing and accessories. The main focus of the collection was the female consumer, which comprised approximately ninety percent (90%) of the Debtor's sale base.

8. During the course of the case, the Trustee initiated certain causes of action and judgments have been entered against the specific defendants, which have not yet been satisfied (the "Judgments").

9. Further, the Trustee has determined that there may be property of the Debtors' estate remaining, consisting of known or unknown assets or claims, which have not been previously sold, assigned, transferred, encumbered or otherwise administered (the "Remnant

Assets" and together with the Judgments collectively referred to as the ("Accounts"). The Trustee is not aware of any security interest or lien that has attached to the Accounts.

10. Oak Point has offered to purchase the Accounts. A true and correct copy of the Purchase Agreement and Assignment of Claims and Interests dated April 10, 2013 (the "Purchase Agreement") is attached as Exhibit "A."

11. In accordance with the Purchase Agreement, the Remnant Assets expressly exclude: a) cash held at the time of the Purchase Agreement by the Trustee in bank accounts earmarked for distribution to creditors and/or payment of professional fees; and b) the Purchase Price (defined below).

12. The Purchase Agreement provides, inter alia, that Oak Point shall pay Fifteen Thousand Dollars ($15,000) (the "Purchase Price") payable within 3 business days of receipt by Purchaser of the executed Agreement. The Purchase Price is allocated as follows: $7,500 for any claim against any credit card company, such as VISA, Master Card, Discovery, etc, ("Credit Card Claims") and $7,500 for all other assets. Seller reserves the right at Seller's election to withdraw the Credit Card Claims from the Agreement, reducing the Purchase Price accordingly.

13. Oak Point approached the Trustee about purchasing the Accounts and the parties were able to agree to the terms set forth in the Purchase Agreement. In the Trustee's business judgment, the Purchase Price represents a fair and reasonable sale price for such assets and the highest and best offer for the sale of the Accounts.

14. The Trustee contends that the sale of the Accounts in accordance with the terms of the Purchase Agreement serves the best interests of the Debtors' estate and all creditors, and as such, should be approved.

**RELIEF REQUESTED**

15.     By this Motion, the Trustee seeks an order, pursuant to 11 U.S.C. §§ 363(b), (f) and (m) and 105, authorizing the Trustee to sell the Accounts free and clear of all liens, claims, interest and encumbrances to Oak Point.

16.     Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). To approve use, sale or lease, other than in the ordinary course of business, the Court must find "some articulated business justification." See In re Martin (Myers v. Martin), 91 F.3d 389, 395 (3d Cir. 1996) and In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143 (3d Cir. 1986) (requiring good faith purchasing). Moreover, Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

17.     Courts within the Third Circuit have held that transactions should be approved under Section 363(b) of the Bankruptcy Code when they are supported by the sound business judgment of the debtor or trustee, as the case may be. See In re Martin, 91 F.3d 389, 395 (3d Cir. 1996); In re Delaware & Hudson Ry. Co., 124 B.R. 169, 176 (Bankr. D.Del. 1991) (holding that transactions should be approved under Section 363(b)(1) when: (a) they are supported by the sound business judgment of the debtor's management; (b) interested parties are provided with adequate and reasonable notice; (c) the sale price is fair and reasonable; and (d) the purchaser is acting in good faith); In re Phoenix Steel Corp., 82 B.R. 334, 335 (Bankr. D.Del. 1987) (stating that the elements necessary for approval of a section 363 sale in a chapter 11 case are "that the proposed sale is fair and equitable, that there is a good business reason for completing the sale

4

and the transaction is in good faith."). The Trustee herein submits that the Purchase Price is reasonable, for fair value and negotiated at arm's length.

18. Courts have uniformly held that approval of a proposed sale of property pursuant to Section 363(b) of the Bankruptcy Code is appropriate if a court finds that the transaction represents a reasonable business judgment on the part of the debtor. See Committee of Equity Security Holders v. Lionel Corp., 722 F.2d 1063 (2d Cir. 1983); Stephens Industries, Inc. v. McClung, 789 F.2d 386, 391 (6th Cir. 1986); In re Ionosphere Clubs, Inc., 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989); In re Phoenix Steel Corp., 82 B.R. 334, 335 (Bankr. D.Del. 1987), In re Delaware & Hudson Ry. Co., 124 B.R. 169, 176 (Bankr. D.Del. 1991). A debtor's showing of sound business justification, or as in this case the Trustee's showing, need not be unduly exhaustive; instead the debtor or trustee is "simply required to justify the proposed disposition with sound business reason." In re Baldwin United Corp., 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984).

19. Whether or not there are sufficient business reasons to justify a sale depends upon the facts and circumstances of each case. See Lionel, 722 F.2d at 1071. Bankruptcy courts are given substantial discretion is deciding whether to authorize a sale of the debtor's assets outside of the ordinary course of business. See In re Chateaugay Corp., 973 F.2d 141, 144 (2d Cir. 1992). The Trustee believes that the Purchase Agreement represents a prudent and proper exercise of business judgment and is in the best interest of the creditors of the Debtors' estate.

20. Although the Bankruptcy Code does not define "good faith purchase," the United States Court of Appeals for the Third Circuit construing section 363(m), has stated that "the phrase encompasses one who purchases in 'good faith' and for 'value'". In re Abbott's Dairies of Pennsylvania, Inc., 788 F.2d 143, 147 (3d Cir. 1986); See also In re Mark Bell Furniture

Warehouse, Inc., 992 F.2d 7, 8 (1st Cir. 1993); In re Willemain v. Kivitz, 764 F.2d 1019, 1023 (4th Cir. 1985); In re Vanguard Oil & Serv. Co., 88 B.R. 576, 580 (E.D.N.Y. 1988).

21. Section 363(f) of the Bankruptcy Code permits the Trustee to sell assets free and clear of all interests which may be asserted against such assets, with any such interests attaching to the net proceeds of the sale, subject to the rights and defenses of the Debtor with respect thereto. As Section 363(f) of the Bankruptcy Code is stated in the disjunctive, when proceeding pursuant to Section 363(b), it is only necessary to meet one of the five conditions of section 363(f). To the extent that there are any interests that may be asserted in the Accounts, the Trustee believes that one or more of the aforementioned conditions have been satisfied.

22. Based on the foregoing, the Trustee submits that the sale of the Accounts is a prudent exercise of business judgment under the circumstances and is in the best interest of the Debtors' estate and its creditors. Therefore, the Motion should be approved.

### **NOTICE**

23. Notice of this Motion has been given to the Debtor, the Office of the United States Trustee, Oak Point, all parties requesting notice pursuant to Fed.R.Bankr.P.2002. The Trustee submits that such notice is proper and adequate and no further notice is required. The Trustee further requests that this Court determine that such notice is adequate.

WHEREFORE, Alfred T. Giuliano, the Chapter 7 Trustee, respectfully requests that the Court enter an order authorizing and approving the sale of the Accounts to Oak Point free and clear of all liens, claims, interests and encumbrances, in accordance with the Purchase Agreement, and granting such other relief as the Court deems proper and just.

Dated:  May 3, 2013                                        By: /s/  John V. Fiorella                .
                                                              John V. Fiorella (DE No. 4330)
                                                              Jennifer L. Story (DE No. 4918)
                                                              ARCHER & GREINER, P.C.
                                                              300 Delaware Ave., Suite 1370
                                                              Wilmington, DE   19801
                                                              Telephone:  302-777-4350
                                                              Facsimile:  302-777-4352
                                                              E-mail:   jstory@archerlaw.com
                                                *Counsel for Alfred T. Giuliano, Ch. 7 Trustee*

9722440v1